# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
:
RITE-AID CORP., et al.,                                    :
                                                           :  Consolidated Case
                              Plaintiffs,                  :  Civil Action No. 08-cv-2315
                                                           :  (NEG) (RER)
              -against-                                    :
                                                           :
AMERICAN EXPRESS TRAVEL RELATED SERVICES                   :
COMPANY, INC., et al.                                      :
                                                           :
                              Defendants.                  :
----------------------------------------------------------x
                                                           :
UNITED STATES OF AMERICA, et al.,                          :
                                                           :
                                                           :  Civil Action No. 10-cv-4496
                              Plaintiffs,                  :  (NEG) (RER)
                                                           :
              -against-                                    :
                                                           :
AMERICAN EXPRESS COMPANY, et al.                           :
                                                           :
                              Defendants.                  :
----------------------------------------------------------x
                                                           :
IN RE AMERICAN EXPRESS ANTI-STEERING RULES                 :
ANTITRUST LITIGATION                                       :  Civil Action No. 06-cv-2974
                                                           :  (NEG) (RER)
                                                           :
                                                           :
                                                           :
                                                           :
                                                           :
                                                           :
----------------------------------------------------------x

```
------------------------------------------------x
                                                 :
FIREFLY AIR SOLUTIONS, LLC D/B/A 128 CAFE, on behalf :
of itself and all others similarly situated,    :   Civil Action No. 10-cv-5200
                                    Plaintiff,  :   (NEG) (RER)
                                                 :
               -against-                         :
                                                 :
AMERICAN EXPRESS COMPANY, et al.                 :
                                                 :
                                    Defendants.  :
------------------------------------------------x
                                                 :
PLYMOUTH OIL CORP., D/B/A LIBERTY GAS STATION, on :
behalf of itself and all others similarly situated, :   Civil Action No. 10-cv-5369
                                    Plaintiff,  :   (NEG) (RER)
                                                 :
               -against-                         :
                                                 :
AMERICAN EXPRESS COMPANY, et al.                 :
                                                 :
                                    Defendants.  :
------------------------------------------------x
```

## [PROPOSED] DISCOVERY COORDINATION ORDER

The Court hereby enters the following discovery coordination protocol to enable cooperation in coordinating and integrating fact discovery with certain actions brought against American Express Travel Related Services Company, Inc. and American Express Company (collectively "Amex").

**Definitions**.

1.  The action brought by the United States and certain Plaintiff States, Case No. 10-cv-04496, is referred to as the "Government Action" and its plaintiffs collectively as "Government Plaintiffs" and individually as a "Government Plaintiff." The actions brought by individual merchant plaintiffs, Lead Case No. 08-cv-2315, Case No. 11-cv-0037, and Case No.

11-cv-0038, shall be referred to as the "Individual Merchant Actions" and its plaintiffs as "Individual Merchant Plaintiffs." The actions brought by merchants on a putative class basis, Cases No. 06-cv-2974, 10-cv-5200, 10-cv-5369, and 10-cv-0790, and 11-cv-0306 shall be referred to as the "Merchant Class Action" and their plaintiffs as "Merchant Class Plaintiffs." The Merchant Class Action and Individual Merchant Actions are referred to collectively as the "Private Cases," the plaintiffs in those cases shall be referred to collectively as the "Private Plaintiffs," and the Private Cases and the Government Action shall be referred to collectively as the "Amex Cases." The reference to "Amex Case Plaintiffs" or "Plaintiffs" means collectively the Government Plaintiffs, the Individual Merchant Plaintiffs, and the Merchant Class Plaintiffs.

**General Provisions**.

2. All parties shall make reasonable good faith efforts to cooperate in coordinating and integrating discovery in all of the Amex Cases and to avoid undue duplication and undue burden on any party or non-party.

3. This Stipulation and Order applies only to fact discovery and not expert discovery. Nothing herein shall prejudice the parties' ability to negotiate future agreements regarding the coordination of expert discovery.

4. This Stipulation and Order addresses only coordination, not consolidation. Nothing in this Stipulation and Order shall be construed to imply that any party consents to consolidation of any of the Amex Cases, or that such consolidation is appropriate. Nothing in this Stipulation and Order shall be construed to imply that any party has waived the right to seek consolidation of any of the Amex Cases, and any and all such rights are expressly preserved.

5. Nothing in this Stipulation and Order is intended to waive any Party's right to object to any discovery sought, or the right to seek a protective order or other relief, under the Federal Rules of Civil Procedure so long as such relief is not inconsistent with the agreed terms of this Stipulation and Order. The fact that this Stipulation and Order alters the number and duration of depositions provided for by the Federal Rules of Civil Procedure is not intended to imply consent by any party that such discovery is necessary or appropriate or that particular discovery sought within the limits of this Stipulation and Order is not burdensome or excessive. All parties reserve the right to object to any deposition pursuant to Rule 26 of the Federal Rules of Civil Procedure on grounds of relevance, privilege, or to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

6. This Stipulation and Order is intended to supersede the two Stipulations and Orders on Discovery Coordination entered previously in the Individual Merchant Actions and the Merchant Class Action.

**Coordinated Written Discovery**.

7. All Amex Case Plaintiffs agree to confer in advance before serving Amex or any non-party with fact discovery requests in an effort to promote efficiency and avoid undue duplication and burden.

8. The Individual Merchant Plaintiffs and Merchant Class Plaintiffs agree to serve joint discovery requests (*e.g.,* document demands, interrogatories, deposition notices, non-party subpoenas) which shall be designated as "Joint," except in those circumstances where counsel for any Private Plaintiff or Private Plaintiff group does not join in discovery sought by the other such Private Plaintiff or Private Plaintiff group, or fails to respond within ten days of receiving a draft

of the proposed Joint discovery, in which case such discovery requests shall not be designated "Joint." Where any Private Plaintiff or Private Plaintiff group does not join in discovery sought by any other Private Plaintiff or Private Plaintiff group, or fails to respond within ten days of receiving a draft of proposed Joint discovery, that Private Plaintiff or Private Plaintiff group shall be deemed to have agreed not to seek such discovery.

9. To the extent feasible, the Government Plaintiffs shall serve joint requests with the Private Plaintiffs on common issues. The Government Plaintiffs shall invite the Private Plaintiffs in advance to join in requests served by the Government Plaintiffs, and the Private Plaintiffs shall invite the Government Plaintiffs in advance to join in requests served by the Private Plaintiffs. In any separate request propounded by the Government Plaintiffs, the Government Plaintiffs shall act in good faith to avoid discovery requests that are duplicative of any other plaintiff's discovery requests. Amex may object to a written discovery request served on Amex by the Government Plaintiffs as duplicative of a request served on Amex by a Private Plaintiff, as if the Government Plaintiffs had served the Private Plaintiff's request if the Government Plaintiffs had the opportunity to join that Private Plaintiff discovery and received the responses to that discovery. This paragraph shall not apply to discovery in the Private Cases that occurred prior to the filing of the Government Action, provided that nothing herein shall prejudice either the Government Plaintiffs or Amex in connection with their ongoing discussions concerning such discovery.

**Availability and Use of Discovery Across Cases**.

10. Any discovery request, response to a discovery request, document production, notice of third-party subpoena, response to production received from any third party, deposition

transcript (and exhibits), court paper and accompanying affidavits and exhibits and/or expert report and accompanying exhibits served or made available to any party in any of the Amex Cases shall be served or made available to all parties in the Amex Cases on the same terms as if it had been served, produced, or received in each of the Amex Cases, with all objections being preserved. Further, counsel in any of the Amex Cases shall be entitled to participate in any deposition in any of the Amex Cases

11. The Parties shall be able to use any production, testimony, or response to any discovery request (including response from third parties) in any of the Amex Cases as though taken, served, or responded to in the Amex Case in which it was propounded. Nothing herein shall alter the admissibility of any discovery.

12. For all discovery in any of the Amex Cases, all plaintiffs that joined in that discovery, or are subject to that discovery, shall be invited to participate in discovery scope negotiations and agreements, and in any discovery dispute resolution, including any appearances in court on discovery issues, regardless of which party initiated the discovery and regardless of the Amex Case in which the discovery was propounded. Any such invitation to participate in discovery scope negotiations shall specify in writing an agenda listing the specific issues to be discussed in the discovery negotiations. Any party that fails to participate in discovery scope negotiations and/or litigation after receiving such an invitation may not subsequently challenge the resolution of the discovery dispute as it relates to the issues in the written invitation.

**Coordinated Depositions**.

13. The Amex Case Plaintiffs shall be allotted the following depositions: (a) 300 hours of deposition time (consistent with the provisions of Paragraph 5 of the prior Stipulation

and Order regarding coordination entered in the Merchant Class Action); and (b) an additional 30 depositions, 5 of which may be for extended time (consistent with the provisions of Paragraph 5 of the prior Stipulation and Order regarding coordination entered in the Individual Merchant Actions).

14. In an effort to promote efficiency, avoid duplication, minimize burden, and avoid delay, the Private Plaintiffs agree to share with the Government Plaintiffs the deposition time set forth in paragraph 13 (which is the deposition time that was previously allotted to them in the prior *Stipulations and Orders on Coordination*). As stated in Paragraph 13 above, the Private Plaintiffs have been collectively allocated a total of, at a maximum, 545 hours of deposition time: 300 hours that was previously allotted to the Merchant Class Plaintiffs, and up to 245 hours that was previously allotted to the Individual Merchant Plaintiffs (30 depositions, 5 for extended time, or a maximum of 245 additional hours). Of the 545 hours of potential on-the-record deposition time allotted to the Private Plaintiffs collectively in Paragraph 13 above, the Government Plaintiffs may take 325 hours and, based on the hours that remain, the Private Plaintiffs may take a maximum of 220 hours (absent agreement by the Private Plaintiffs, those 220 potential hours shall be divided equally between the Merchant Class Plaintiffs and the Individual Merchant Plaintiffs). The Plaintiffs in the Amex Cases may reallocate the on-the-record deposition hours by further agreement of all Plaintiffs, and if any Plaintiff is no longer pursuing its litigation against Amex for any reason, its hours shall be reallocated among the remaining Amex Case Plaintiffs in the proportion stated in this paragraph absent agreement otherwise by the remaining Amex Case Plaintiffs.

15. Amex shall be allotted the following depositions: (a) 300 hours of deposition time (consistent with the provisions of Paragraph 5 of the prior Stipulation and Order regarding coordination entered in the Merchant Class Action); (b) an additional 80 depositions, 15 of which may be for extended time (consistent with the provisions of Paragraph 6 of the prior Stipulation and Order regarding coordination entered in the Individual Merchant Actions); and (c) an additional 25 depositions, of which up to one relating to each Government Plaintiff may be for extended time (in light of the fact that the United States and 18 states have filed suit). If any Individual Merchant Plaintiff or Government Plaintiff is no longer pursuing its litigation against Amex for any reason, the remaining parties shall meet and confer in good faith to discuss whether, and to what extent, the total number of depositions and deposition time allotted to Amex herein should be reduced.

16. Subject to the limitations set forth herein with respect to the total length of both non-extended time and extended time depositions and the objections preserved in Paragraph 5 above, the Amex Plaintiffs and Amex may use the deposition time and numbers of depositions respectively allotted to each of them in Paragraphs 13 and 15 above in any way that they chose.

17. For any additional cases filed by counsel (or their co-counsel) for the parties in the Individual Merchant Actions, Amex will get 5 additional depositions of that additional party or of additional third parties whose depositions are noticed because the additional party has become a plaintiff in the Individual Merchant Actions. Of these additional 5 depositions per added party, one (per party) may be for an extended time. For any additional government plaintiff that joins as a party to the Government Action, the Amex Plaintiffs will not object to a modification of this Stipulation and Order that would permit Amex to take up to an additional 3 depositions of that

government plaintiff or of third parties who are deposed because that government plaintiff has become a plaintiff in the Government Action. Of these additional 3 depositions that are added per new government plaintiff, up to 1 (per new plaintiff) may be for extended time.

18. "Deposition time" refers to on-the-record depositions of parties or non-parties. Each party's on-the-record direct, cross, re-direct or re-cross examination of a fact witness, regardless of the party or parties who noticed the deposition, shall count against the deposition caps set forth in this Stipulation and Order.

19. The parties agree to exchange quarterly (on the last business day of each quarter) their respective calculations of how much deposition time they have used. The parties agree to meet and confer about any disagreements regarding such calculations, which shall be resolved by judicial intervention if necessary. During the last three months of discovery, the parties agree to exchange monthly (on the last business day of each month) the calculations required by this paragraph.

20. For all depositions (specifically including depositions that may last for up to 9 hours of total time on the record as set forth in Paragraphs 21, 22 and 23 below), the deposition day will be limited to no more than seven hours on the record unless otherwise agreed to by the witness and his or her counsel. Any depositions that are for an extended time will be limited to 14 hours on the record over two days, with the two days to be consecutive or nearly consecutive absent agreement of the witness, counsel for the witness and the parties that noticed or cross-noticed the deposition. If any party wishes to take an extended time deposition, the fact that the deposition will be for an extended time shall be set forth in the notice of deposition.

21. For any non-extended time depositions of the Individual Merchant Plaintiffs noticed or cross-noticed by Amex, Amex's questioning of the Individual Merchant Plaintiff witness will be limited to 7 hours on-the-record and the Individual Merchant Plaintiff will make the witness available for up to an additional 2 hours of on-the-record questioning by counsel for the Merchant Class Plaintiffs and the Government Plaintiffs if they so desire (absent other agreement, one hour each). Of the 14 hours for any extended time deposition of an Individual Merchant Plaintiff witness noticed or cross-noticed by Amex, up to 2 hours shall be reserved for counsel for the Merchant Class Plaintiffs and the Government Plaintiffs if they so desire (absent other agreement, one hour each). The same procedures shall apply for depositions of Merchant Class Plaintiffs with respect to questioning by Amex, Individual Merchant Plaintiffs, and Government Plaintiffs.

22. For any non-extended-time depositions of Amex witnesses cross-noticed by both the Government Plaintiffs and the Private Plaintiffs, the time limit shall be a single, 7 hour on-the-record deposition that may be extended an additional 2 hours at the discretion of any noticing or cross-noticing party.

23. For any non-extended-time depositions of Government Plaintiff witnesses, Amex's questioning of the Government Plaintiff witness will be limited to 7 hours on-the-record and the Government Plaintiff will make the witness available for up to an additional 2 hours of on-the-record questioning by counsel for the Merchant Class Plaintiffs and the Individual Merchant Plaintiffs if they so desire (absent other agreement, one hour each).

24. The parties shall not depose any witness more than once, absent good cause. If a witness is designated as a 30(b)(6) witness, nothing in this paragraph shall prevent any party from also deposing that witness separately in an individual capacity.

25. The Individual Merchant Plaintiffs agree to work in good faith with the Merchant Class Plaintiffs to allocate the time for examination available to each examining plaintiff for any deposition of a current or former employee of Amex. Absent such agreement, in any such deposition where the Government Plaintiffs have not noticed or cross-noticed the deposition, the Merchant Class Plaintiffs and the Individual Merchant Plaintiffs shall each be entitled to one-half of the time "on the record." Where the Government Plaintiffs have also noticed or cross-noticed the deposition, time shall be allotted as specified in Paragraph 31.

26. The parties in all Amex Cases agree to confer with each other regarding the allocation of questioning time of any third party that any party wishes to subpoena. Nothing herein shall prevent any party from taking the position that a third party is obligated to produce a witness in the Merchant Class Action, the Individual Merchant Actions and the Government Action.

27. Objections at any deposition taken in any of the Amex Cases shall be preserved as if they had been made in all of the Amex Cases. An objection at a deposition by counsel for the Individual Merchant Plaintiffs, the Merchant Class Plaintiffs or the Government Plaintiffs shall be treated as an objection for all plaintiffs in the Amex Cases.

28. If either Amex or any Plaintiff designates a fact witness for trial who has not been deposed, the other party may obtain reasonable document discovery related to that witness (if it has not already done so) and depose that witness for 7 hours outside of the limitations in this

Stipulation and Order. Nothing herein shall be construed to limit the right of any party to make an application based upon a showing of good cause for additional testimony of that witness, or of any related witnesses.

29. All Plaintiffs and Amex will cooperate in good faith to stipulate to authenticity and admissibility of documents and data to avoid the need for deposition time solely for establishing authenticity and admissibility.

30. The Government Plaintiffs and the Private Plaintiffs will confer in advance before noticing any party or non-party deposition and will work in good faith to coordinate scheduling. The Government Plaintiffs may attend any deposition in the Private Cases, and the Private Plaintiffs may attend any deposition in the Government Action. Deposition testimony may be used in any of the Amex Cases as if it had been taken in such case regardless of the Amex Case in which it was taken. Nothing herein shall alter the admissibility of any discovery.

31. If more than one party notices (or cross-notices) a deposition in any of the Amex Cases, then those parties must confer in good faith to allocate questioning time. Unless otherwise agreed by the Government Plaintiffs and the Private Plaintiffs, the Government Plaintiffs may elect to take the lead in any fact deposition noticed or cross-noticed by the Government Plaintiffs and any Private Plaintiff in any of the Amex Cases, and the Government Plaintiffs will be entitled to 75% of the "on the record" questioning time allotted to the Plaintiffs and the Private Plaintiffs will share equally in the remaining 25% of the "on the record" questioning time allotted to the Plaintiffs.

32. The Amex Case Plaintiffs noticing or cross-noticing a deposition may reallocate questioning time before and/or during a deposition by agreement of the Plaintiffs participating in

the deposition. For any third-party deposition noticed by both Amex and the Plaintiffs, absent agreement otherwise, the on-the-record deposition shall be divided 50/50 between Amex and the Plaintiffs noticing or cross-noticing the deposition, and Plaintiffs' 50% shall be further allocated in accordance with Paragraph 31.

33. In counting time for all cross-noticed depositions, any party whose deposition time is approximately 50% of one deposition day shall be deemed to have used ½ of one of its allotted days of deposition (if such deposition is counted against the respective party's "days" of deposition as opposed to "hours of deposition"). Cross noticed depositions that last more than one day shall not count against a party's allocations of extended-time depositions unless and until such party has utilized more than seven (7) hours of on the record deposition time. (For purposes of this provision, the term "party" shall refer to Plaintiffs collectively, on the one hand, and defendants collevtively, on the other hand.)

34. The parties in the Amex Cases will cooperate in good faith on deposition scheduling to avoid scheduling depositions on the same days; provided, however, that the parties recognize that in some circumstances it may be necessary to schedule two depositions on the same day. Absent consent of all parties or Court order, no party may schedule three depositions for the same day.

35. The parties agree to use their best efforts to ensure that document productions by plaintiffs and defendants in the Amex Cases shall occur on generally the same schedule in order to ensure that both plaintiffs and defendants have an equal opportunity to use the limited time for fact discovery to schedule depositions in an orderly manner. The parties agree to meet and

confer to set interim dates when all parties shall make rolling productions that ensure document productions by all plaintiffs and Amex generally occur in parallel.

Dated: February __, 2011

                          SO ORDERED:

                          _____
                          HONORABLE RAMON E. REYES JR.
                          UNITED STATES MAGISTRATE JUDGE