# FRIEDMAN LAW GROUP LLP

270 Lafayette Street 14th Floor  New York, New York 10012-3327
tel. 212 680.5150    fax. 646 277.1151    www.flgllp.com

March 9, 2011

<u>Via ECF</u>

The Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *In re American Express Anti-Steering Rules Antitrust Litigation,*
       <u>MDL No. 2221</u>

Dear Judge Reyes:

  I am writing to advise the Court that the Second Circuit has now ruled in *In re American Express Merchants' Litigation (Italian Colors Restaurant v. American Express Co.),* and to seek modification of this Court's March 3, 2011 Order Establishing Scope Of Discovery by Class Plaintiffs (the "Class Discovery Order").

  In its decision, a copy of which is attached as Ex. 1, the Court of Appeals broadly reaffirmed its prior holding striking down American Express's class action waiver provisions.  Consequently, as we discussed at the conference last week, and as contemplated by the Class Discovery Order, we respectfully request that the partial stay of proceedings imposed by the Class Discovery Order be lifted.

  In addition, we would propose to establish January 6, 2012 as the outside date on or before which the plaintiffs shall move to certify a class.  Fed. R. Civ. P. 23(c)(1)(A) provides: "At an early practicable time after a person sues . . . as a class representative, the court must determine by order whether to certify the action as a class action."

  Applying the "early practicable time" standard to this case, Judge Pauley previously held that 11 months from commencement of discovery was an appropriate deadline for filing the class motion, in the context of a 14-month discovery schedule. (See SDNY Scheduling Order, attached as Ex. 2).  Here, given the Court's 12-month discovery schedule, and accounting for the holidays, this metric would support a deadline of January 6, 2012 for the filing of the class motion, subject to modification for good cause.

Honorable Ramon E. Reyes, Jr.
March 9, 2011
Page 2 of 2


      In its previous submission to this Court regarding scheduling, DE 2 Ex. B at ¶ 11, American Express proposed that Class Plaintiffs should not be allowed to move for class certification until the end of discovery.  This proposal contravenes Rule 23(c)(1)(A), and was expressly made to and rejected by Judge Pauley, who reasoned that plaintiffs should be free to bring the motion whenever they believe they are able to sustain their burden.  *See* Transcript of conference dated Dec. 17, 2009, Ex. 3 hereto, at 13 ("<u>as soon as the plaintiffs think that they are ready to move for class certification, they should do so</u>.")

      I am advised by American Express's counsel that they intend to set forth their positions with respect to the matters I've raised here in a responsive letter.


                Respectfully submitted,

                *s/ Gary B. Friedman*

                Gary B. Friedman

Enclosures

cc:    All counsel of record by ECF