**FRIEDMAN LAW GROUP** LLP

270 Lafayette Street 14th Floor   New York, New York 10012-3327
tel. 212 680.5150    fax. 646 277.1151    www.flgllp.com

March 17, 2011

<u>Via ECF</u>

The Honorable Ramon E. Reyes, Jr.
United States Magistrate Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *In re American Express Anti-Steering Rules Antitrust Litigation,*
      <u>MDL No. 2221</u>

Dear Judge Reyes:

  I am writing on behalf of the Class Plaintiffs to respond to the letter to Your Honor from defense counsel dated yesterday. Contrary to Amex's characterization, our application is entirely consistent with the notion that the Court will set a schedule for class certification proceedings. Indeed, now that the Second Circuit has allowed the class to proceed, it is appropriate to set that schedule. Specifically, we are seeking permission to file for class certification at any time between now and whatever date the Court deems appropriate, just as Judge Pauley's earlier order contemplated.

  In that connection, we have simply suggested an "outside date" on or before which we must file – a convention that usually protects defendants and court dockets. But no matter what outside date is set, the important point is that we should be free to file for class certification as soon as we are prepared to discharge our burden under Rule 23, which directs that class certification be determined at an "early practicable time." Fed. R. Civ. P. 23(c)(1). Once we file, Amex is free to argue that it needs to expand its time to respond, if it has a sound basis. Likewise, if the Court "is not satisfied that the requirements of Rule 23 have been met [it] should refuse certification until they have been met." *Miles v. Merrill Lynch & Co.* (*In re IPO*), 471 F.3d 24, 39 (2d Cir. 2006), quoting Fed. R. Civ. P. 23(c)(1)(C) Adv. Comm. Notes 2003. But there is no basis in the law for requiring plaintiffs to seek leave to file for class certification, or for requiring that we wait until some artificial date certain, much less until the end of discovery.

  Not one of the cases cited by Amex denied a plaintiff the opportunity to file a motion for class certification at such time as it believed it was ready. *Xpedior Creditor Trust v. Credit Suisse First Boston (USA) Inc.*, 399 F. Supp. 2d 375, 380 (S.D.N.Y. 2005) involved a

Honorable Ramon E. Reyes, Jr.
March 17, 2011
Page 2 of 2

plaintiff who had *abandoned* its class claims.  The case did not remotely concern when that plaintiff might be allowed to move for class certification.  Nor is Amex helped by its citations to the Manual on Complex Litigation, or *In re IPO*, or the other cases establishing the general standard of proof on class certification motions.  None of these authorities undercut the rule that plaintiffs may file when they believe they are prepared to discharge their burden.  Indeed, courts recognize that plaintiffs must "demonstrate[] diligence with respect to raising class issues 'at an early practicable time.'"  *Broadhurst Invs. LP v. Bank of N.Y. Mellon*, 2010 U.S. Dist. LEXIS 79668 (S.D.N.Y. Aug. 2, 2010); *see Kapiti v. Kelly*, 2008 U.S. Dist. LEXIS 64154 (S.D.N.Y. Aug. 18, 2008) ("party's failure to move for class certification until a late date is a valid reason for denial of such a motion") (citations omitted).

      Amex's position is also irreconcilable with Judge Pauley's ruling that plaintiffs should be free to move whenever they believe they can make the requisite showing.  Amex derogates the import of Judge Pauley's ruling, on the grounds that it preceded the MDL transfer order.  Letter at n. 1.  But this argument fails, as Amex has told this Court that it regards Judge Pauley's rulings as "still in effect." (3/2/11 Tr. at 47).   In any event, we submit there is no reason not to adopt the ruling that Judge Pauley made on this same issue, after being confronted with these same arguments from Amex.

      This is an important issue.  Class certification papers and expert reports require extensive preparation and resources.  To make those commitments, it is important to know that we may file the papers and reports that we prepare, once we have prepared them.

      Finally, it appears there is no dispute that the partial stay of class discovery should be lifted in its entirety.

                Respectfully submitted,

                *s/ Gary B. Friedman*

                Gary B. Friedman

cc:  All counsel of record via ECF